IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALEXANDER THOMPSON | § § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 3-05-CV-1679-P |
| | § § | |
| AMERICAN MEDICAL SYSTEMS, INC. | § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Defendant American Medical Systems, Inc. ("AMS") has filed a motion to compel expert report and to stay deadlines. At issue is a report from plaintiff's expert, James McKee, P.E., who will testify that the original suture-tie "Y" connector designed by defendant is defective and that the quick connect "Y" connector is a safer design.[1] Defendant also complains that McKee fails to cite any previous experience in engineering or product design which qualifies him as an expert in this case. The parties have briefed their respective positions in a Joint Status Report filed on April 21, 2006, and the motion is ripe for determination.

Fed. R. Civ. P. 26(a)(2)(B) provides, in pertinent part:

> Except as otherwise stipulated or directed by the court, [the disclosure of expert witnesses] shall . . . be accompanied by a written report prepared and signed by the witness. *The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor*; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; *the qualifications of the witness*, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and

---

[1] The "Y" connector is a component of an artificial urinary control sphincter device designed by AMS.

> testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B) (emphases added). The court agrees that the one-page report prepared by McKee on or about March 31, 2006 does not comply with this rule. In support of his opinion that the "Y" connector designed by defendant is defective, McKee states:

> In my opinion the original suture-tie "Y" connector designed by [AMS] in the year 2000 was an unsafe design because it relied upon sutures and a knurl with a sharp edge to hold the tubing to the connector, subjecting the tubing to being cut by the sutures and the sharp edge of the connector, resulting in failure of the tubing or leaks. The sharp edge of the connector could be removed and the dimension of the knurl increased, but this could result in weakening the strength of the tubing. My opinion is based upon a physical examination of the tubing, the "Y" connector, and the patent.

McKee goes on to state that the quick connect "Y" connector is a safer design because:

> [it] requires substantially more pulling force to disconnect the tubing from the "Y" connector and eliminates the pressures caused by the sutures and the sharp edge of the connector. The rationale for not building the quick connect "Y" connector in the year 2000 appears to be flawed. The reason given for not building the quick connect "Y" connector was a lack of room, but when AMS decided to build the quick connector, room did not appear to be an issue. My opinion is based upon a physical examination of the tubing, the "Y" connector and the documents contain [sic] within the notebook labeled #161 and containing documents numbered 01273 through 01762 and the notebook labeled "PNOTEBOOK #170" and containing documents numbered 02252 through 02486.

Surely McKee is able to provide a more detailed analysis and reasoning to support his opinions. If not, his testimony cannot withstand the rigors of *Daubert* and *Kuhmo Tire*. Moreover, nowhere does McKee set forth his qualifications as an expert as required by Rule 26(a)(2)(B).

For these reasons, defendant's motion to compel expert report [Doc. #25] is granted. Plaintiff shall provide defendant with a supplemental report from its expert, James McKee, P.E., that complies with the requirements of Fed. R. Civ. P. 26(a)(2)(B). In particular, the supplemental report

must: (1) contain a complete statement of the basis and reasons for McKee's opinions that the original suture-tie "Y" connector designed by defendant is defective and that the quick connect "Y" connector is a safer design; and (2) detail McKee's qualifications to testify as an expert in this case. Plaintiff shall serve this supplemental expert report on counsel for defendant by **May 11, 2006.**

The magistrate judge recommends extending the deadlines for defendant to designate expert witnesses, for completing discovery, and for filing dispositive motions and *Daubert* motions, as agreed to by the parties. Counsel are directed to submit a proposed amended scheduling order to the presiding district judge by **May 11, 2006.**

SO ORDERED.

DATED: April 27, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE